UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM L. KELLER,

    Plaintiff,

v.        CASE NO. 3:09-cv-00607-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") ("Application") (Doc. 37).

Plaintiff makes a timely request for an award of $3,092.37 in attorney's fees pursuant to Section 2412(d) of EAJA, 28 U.S.C. § 2412(d), and $350.00 in costs pursuant to 28 U.S.C. § 2412(a)(1). (*Id.*) The Application provides that "the U.S. Attorney does not know if the General Counsel for the Commissioner of Social Security will or will not object to the requested relief." (*Id.*) To date, Defendant has not filed a response to the Application and the time for filing a response has passed. Therefore the Court will treat the Application as unopposed. For the reasons stated herein, the Application is due to be **GRANTED**.

EAJA sets forth the following requirements for the award of fees:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part

> the prevailing party for the costs incurred by such party in the litigation.
> . . .
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.  In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).  In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified.  Moreover, there are no special circumstances which would make the award unjust. In addition, Plaintiff certifies that his "net worth has never exceeded $2,000,000.00."  (Doc. 37.)  Thus, an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable."  28 U.S.C. § 2412(d)(2)(A).  In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such

as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Application reflects that Plaintiff's attorney's rates were $165.19 per hour for the work done in 2007, $170.92 per hour for the work done in 2009, $173.72 per hour for the work done in 2010, and $175.45 per hour for the work done in 2011. (Doc. 37.) As these rates are higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment. (*Id.*) In light of the lack of opposition, the Court finds these hourly rates reasonable and the cost of living adjustment warranted.[1] The Court also finds reasonable the number of hours spent by Plaintiff's counsel on the case. The Court thus finds that $3,092.37 ($165.19 x 4.1 hours + $170.92 x 3.4 hours + $173.72 x 9.85 hours + $175.45 x 0.7 hours) is a reasonable amount for attorney's fees in this case. The Court further finds that costs in the amount of $350.00 for the filing of the Complaint are recoverable pursuant to 28 U.S.C. § 2412(a)(1).

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Application (**Doc. 37**) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,092.37 for attorney's fees and $350.00 for costs.

---

[1] Were these hourly rates contested, the Court's determination regarding the reasonableness of the rates might be different.

**DONE AND ORDERED** at Jacksonville, Florida, on March 21, 2011.

                                                             */s/ Joel B. Toomey*
                                                             JOEL B. TOOMEY
                                                             United States Magistrate Judge

Copies to:

Counsel of Record