UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM L. KELLER,

    Plaintiff,

v.                                          CASE NO. 3:09-cv-607-J-JBT

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Second Amended Motion for Approval of Undersigned Counsel's Contingency Fee Contract with Plaintiff Keller, Which Provides for a Fee of 25 Percent of Plaintiff Keller's Past Due Benefits; for an Award of Attorney's Fees Equal to 25 Percent of Plaintiff Keller's $183,635.51 in Past Due Benefits Pursuant to 42 U.S.C. § 406(b)(1); Less Any E.A.J.A. and 406(a) Attorney Fees Paid to or Expected by Counsel ("Second Amended Motion") (Doc. 54)[1] and the Commissioner's Statement of Accrued Benefits and Memorandum in Opposition thereto ("Opposition") (Doc. 57). On July 30, 2013, the Court heard oral argument on the Second Amended Motion. (*See* Docs. 64.) For the reasons stated herein, the Second Amended Motion is due to be **GRANTED in part** and **DENIED in part**.

---

[1] The amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) was denied without prejudice. (*See* Doc. 53.) The original motion was terminated in light of the filing of the amended one.

I.      **Summary of Decision**

In the Second Amended Motion, Plaintiff's attorney seeks a net award of $20,582.38 in attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), which he calculates based on past due benefits for the period of April 1998 to April 2008 totaling $131,314.91, including Plaintiff's early retirement benefits in the sum of $41,661.00. (Doc. 54.) However, at oral argument, Plaintiff's attorney informed the Court that his § 406(b)(1) fee should be calculated based on the past due benefit amount of $113,863.00 (*i.e.*, excluding Plaintiff's past due benefits for the period September 18, 1997 to October 1, 1999), resulting in a net award of $19,498.90.[2]

Defendant opposes Plaintiff's attorney's request on the basis that the correct past due benefit amount is $83,374.00 (for the period October 1999 to June 2011), which reduces the net amount of the § 406(b)(1) fee to $11,876.65.[3] (Doc. 57.) Defendant argues that the amount of Plaintiff's early retirement benefits should not be included in the past due benefit amount for the purpose of calculating attorney's fees. When this amount is excluded, Defendant states, "the remaining amount of $11,751.13 does not appear unreasonable, considering the hours expended by

---

[2] $113,863 x 25% = $28,465.75 – $6,000 for § 406(a) fee = $22,465.75 – $2,966.85 for EAJA = $19,498.90

[3] $83,374 x 25% = $20,843.50 – $6,000 for § 406(a) fee = $14,843.50 – $2,966.85 for EAJA = $11,876.65.  According to Defendant's calculation, the net § 406(b)(1) fee is $11,751.13, which includes the portion of the EAJA award that was intercepted by the government ($125.52).

counsel on this case." (*Id.* at 7.)

Although the main question of disagreement is whether, as a matter of statutory construction, the amount of Plaintiff's early retirement benefits should be included in the past due benefit amount, which does not appear to have been answered by any court to date, the Court need not decide this question. Because the Court finds that in the unique circumstances of this case the granting of Plaintiff's attorney's fee request would result in an unreasonable fee award, the Court will accept Defendant's past due benefit calculation, resulting in a net award of $11,876.65 for § 406(b)(1) fees.

## II.     Background[4]

On July 17, 2001, Administrative Law Judge ("ALJ") Haack entered a partially favorable decision on Plaintiff's application for Disability Insurance Benefits ("DIB"), finding Plaintiff disabled only during the closed period of September 18, 1997 to October 1, 1999, which resulted in past due benefits in the amount of $17,451.91. During Plaintiff's appeal of that decision, on June 18, 2004, Plaintiff turned sixty-two and applied for early retirement benefits. Plaintiff received a total of $41,661 in early retirement benefits for the period June 2004 through April 2008.

On March 11, 2005, the Appeals Council remanded Plaintiff's DIB application to the Office of Disability Adjudication and Review ("ODAR") for further proceedings.

---

[4] Because the procedural history of this case is both long and complex, this Order highlights only the events most relevant to the Second Amended Motion.

On August 7, 2006, ALJ Greer entered an unfavorable decision finding that Plaintiff had not been disabled, as a result of which Plaintiff lost his entitlement to the previously awarded past due benefits in the amount of $17,451.91.  Plaintiff appealed the decision, but the Appeals Council denied the request for review on June 18, 2007.  On April 16, 2008, Plaintiff reached full retirement age and became ineligible for DIB.

On July 2, 2009, Plaintiff filed a Complaint in this Court, appealing the Commissioner's final decision of June 18, 2007. (Doc. 1.)  On December 27, 2010, the Court reinstated ALJ Haack's July 17, 2001 partially favorable decision, reversed ALJ Greer's August 7, 2006 unfavorable decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 35.)  As a result, Plaintiff again became entitled to $17,451.91 in past due benefits.  On March 21, 2011, the Court granted Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), and awarded attorney's fees in the amount of $3,092.37 for 18.05 hours spent on the case, and costs in the amount of $350.00. (Doc. 39.)

On remand, ALJ Greer issued a fully favorable decision on April 28, 2011, finding no medical improvement on or after October 1, 1999.  On July 18, 2011, the Commissioner issued a Notice of Award, informing Plaintiff that his past due benefits for the period October 1999 to June 2011 were $83,374.00.

### III. Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for any number of reasons, including, but not limited to, "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to

the amount of time counsel spent on the case." *Id.* (citing cases that disallow "windfalls for lawyers"). In short, the Court must ensure that the fee agreement yields a reasonable fee based on all the pertinent facts and circumstances. *See id.* ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.")

**IV.   Analysis**

Plaintiff's attorney seeks § 406(b)(1) fees in the net amount of $19,498.90, which he calculates based on a past due benefit amount of $113,863.00. However, Defendant asserts that the correct past due benefit amount is $83,374.00, which brings the net amount of the fee down to $11,876.65. Thus, the central point of disagreement between the parties is the correct amount of past due benefits. Plaintiff's attorney argues that this amount should not be discounted by the amount paid in early retirement benefits in the sum of $41,661.00. Defendant disagrees, and calculates the past due benefit amount as the difference between what Plaintiff should have been paid for the period October 1999 to April 2011, and the amount he was paid during that time,[5] plus the § 406(a) fee of $6,000.00. (Doc. 57 at 6; Doc. 57-1 at 2-4.)

Although the parties sharply disagree on whether the amount of Plaintiff's early retirement benefits paid should be discounted from the past due benefit

---

[5] Plaintiff did not receive any money until June 2004.

amount for the purpose of calculating attorney's fees, neither party has provided the Court with any legal authority on point, and the Court has found none. Section 406 does not explicitly mention early retirement benefits. Rather, it merely provides that past due benefits exclude "any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title," and states that the "amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title." 42 U.S.C. § 406(b)(1)(B). The referenced sections do not cover early retirement benefits.

Plaintiff's attorney argues that since § 406 does not specifically subtract the amount of early retirement benefits from the past due benefit amount, the Court should assume that Congress did not intend to do so. However, there is nothing in § 406 to suggest that Congress even considered early retirement benefits in connection with this statute. Therefore, to the extent Plaintiff argues for the application of the canon of *expressio unius est exclusio alterius* (*i.e.*, the expression of the one is the exclusion of the other), this argument is rejected. *See Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013) ("We have long held that the *expressio unius* canon does not apply unless it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it . . . .") (internal citations and quotation marks omitted).

Further, the two fee agreements between Plaintiff and his counsel do not specifically address the possibility of Plaintiff applying for and receiving early

retirement benefits. (*See* Doc. 54-4 at 1-4.) These agreements provide in part:

> The Attorney's fee will be determined by the *amount owed* to the Client and their family by the SSA for past due Social Security benefits. . . . The Client understands that pursuant to 42USC§§406 (a) and 406(b) the attorney's fee paid by the Client for [Attorney's] representation before the SSA or Federal Court or both shall never exceed 25% of the *"past due" benefits owed* Client and their family.
> . . .
> Normally, the fee approved by the SSA and the Federal Court will be paid to [Attorney] directly from the 25% of Client's past due benefits withheld by the SSA for payment of Attorney fees. If the total amount of the approved fees are not withheld by the SSA, it will be the obligation of the Client to pay to [Attorney] the approved fee or the amount of the fee not withheld.

(*Id.* at 3-4 (emphasis added); *see also id.* at 1.)

As stated in *Gisbrecht*, the ultimate task for the Court is to determine a reasonable fee and the starting point for doing so is the contingency fee contract between Plaintiff and his attorney. The contingency fee contracts in this case provide that Plaintiff agrees to pay his attorney "25% of the past due benefits owed [him]," less any EAJA fee and § 406(a) fee. (Doc. 54-4.) However, "the past due benefit[] owed" to Plaintiff is not entirely clear, and the fee agreements do not explicitly address the issue of receipt of early retirement benefits.

Plaintiff does not argue that Defendant actually had to pay Plaintiff the full amount of disability benefits and then seek to collect from Plaintiff the amount he would owe as an overpayment because of his prior receipt of early retirement benefits. Plaintiff argues only that the amount of early retirement benefits received should not be figured into the attorney fee calculation. However, it is difficult to see

8

how Defendant "owed" Plaintiff the full amount of disability benefits when there is no question that Defendant did not actually pay this amount to Plaintiff (given the offset for early retirement benefits), and it appears Defendant had a legal right not to pay the full amount and to subtract the offset. Moreover, there is nothing in the fee agreements to alert Plaintiff that he may owe a 25% fee on an amount he has long ago been paid, *i.e.*, for early retirement benefits. In short, both the ambiguity in the fee agreements, and the practical reality that Defendant did not pay to Plaintiff the full amount of disability benefits because of the offset for the amount of early retirement benefits received, weigh in favor of Defendant's calculation of past due benefits.[6]

Therefore, under the unique circumstances of this case, the Court determines that Defendant's calculation of the past-due amount and the fee produces a more reasonable fee under *Gisbrecht* than does Plaintiff's calculation.[7]

---

[6] The Court recognizes that any fee agreement must be consistent with the language of 42 U.S.C. § 406(b)(1)(A), which allows the Court to determine a reasonable fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Even if the fee agreements at issue tracked this language, an issue would arise whether Plaintiff is "entitled" to the full amount of disability benefits with no offset for the amount of early retirement benefits received.

[7] Moreover, accepting Plaintiff's attorney's figures, his *de facto* hourly rate amounts to $1,245 ($22,465.75 ÷ 18.05 hours = $1,245 per hour). *See supra* note 2. Although this amount might not be considered unreasonable in many cases, it is fairly high and provides an additional consideration weighing in favor of Defendant's calculation. In contrast, accepting Defendant's calculation of the past due benefit amount, Plaintiff's counsel's *de facto* hourly rate is $822 ($14,843.50 ÷ 18.05 hours = $822 per hour), *see supra* note 3, which is still adequate compensation, even for a contingent fee.

Accordingly, it is **ORDERED**:

The Second Amended Motion (**Doc. 54**) is **GRANTED in part** and **DENIED in part**.  The Second Amended Motion is granted only to the extent that the Court finds the amount of $11,876.65 to be a reasonable attorney's fee pursuant to 42 U.S.C. § 406(b)(1) for counsel's work on this case.  The Second Amended Motion is denied in all other respects.

**DONE AND ORDERED** at Jacksonville, Florida, on August 23, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record